Joseph Warrine, Appellant, v. The Eagle Wagon Works, Respondent.— Judgment and order affirmed, with costs. Held, that there was no liability at common law and that the case was properly submitted to the jury under the Employers' Liability Act; * also that the notice prescribed by that act must be served before the commencement of the action. All concurred, except Kruse, J., who dissented upon the ground that service of notice under the Employers' Liability Act simultaneously with the summons was a compliance with that statute, and that erroneous rulings upon that question and others were made in submitting the case to the jury, which require a reversal of the judgment.

Daniel C. Garvey, Appellant, v. Mary Garvey, Respondent.— Judgment affirmed, without costs. All concurred.

A. Frank Gorski, as Administrator, etc., of Walter Bigosinski, Deceased, Respondent, v. International Railway Company, Appellant.— Judgment and order affirmed, with costs. All concurred, except Williams, J., who dissented; Spring, J., not sitting.

Henry Taylor, Respondent, v. Edward P. Bates, Appellant.— Judgment affirmed, with costs. All concurred.

Thomas F. Moore, Appellant, v. Charles F. Taylor, as Surviving Partner of the Firm of Charles F. Taylor & Co., Respondent.— Judgment and order reversed and new trial ordered, with costs to appellant to abide event. Held, that the facts and inferences reasonably deducible therefrom are sufficient to permit the jury to find that the plaintiff made an arrangement with Taylor and Dunfee whereby his trench machine was to be leased to them as Charles F. Taylor & Co., and that he was not to be a partner in the business of said firm, and that such arrangement was to be effective from June 10, 1900. All concurred, except McLennan, P. J., and Kruse, J., who dissented.

Hannah McGee, as Sole Administratrix, etc., Respondent, v. The Town of West Seneca, Appellant.— Motion for leave to appeal to Court of Appeals denied, with ten dollars costs.

Mary Evelyn Naylor, Respondent, v. James Oliver Naylor, Defendant. W. Martin Jones, Jr., Appellant.— Motion for leave to appeal to Court of Appeals denied, with ten dollars costs.

Arthur Harris, as Administrator, etc., Plaintiff, v. Elizabeth A. Achilles, as Administratrix, etc., Defendant.— Motion granted so far as to modify judgment previously entered by striking therefrom the provision as to costs.

In the Matter of the Application of G. Floyd Boughton for Admission to the Bar.— Application for admission to the bar denied. All concurred, except McLennan, P. J., and Kruse, J., who voted for admitting the applicant.

Michael Costello, Respondent, v. The International Harvester Company, Appellant.— Judgment and order reversed and new trial ordered, with costs to appellant to abide event, unless the plaintiff within twenty days stipulates to reduce the verdict to the sum of $1,500 as of the date of the rendition thereof, in which event the judgment is modified accordingly, and as so modified is, together with the order, affirmed, without costs of this appeal to either party. All con-

---

* Laws of 1902, chap. 600.— [REP.

curred, except McLennan, P. J., and Kruse, J., who dissented and voted for absolute reversal.

Frank Griffin, Respondent, v. William McMahon, Personally and as Administrator, etc., of Teresa McMahon, Deceased, and Others, Defendants, Impleaded with Martha A. Mallory, Appellant.— Orders affirmed, without costs. All concurred; Robson, J., not sitting.

Frank Griffin, Respondent, v. William McMahon, Personally and as Administrator, etc., of Teresa McMahon, Deceased, and Others, Defendants, Impleaded with Martha A. Mallory, Appellant.— Interlocutory judgment affirmed, with costs. All concurred; Robson, J., not sitting.

In the Matter of Probating the Last Will and Testament of Dora Fenner, Deceased. Marion E. Magoffin and Others, Appellants; Cortland O. Tinkham, as Executor, etc., of Dora Fenner, Deceased, Respondent.— Decree affirmed, with costs and disbursements to respondent payable out of the estate. All concurred.

In the Matter of the Application for the Appointment of a General Guardian of the Person and Property of Elda M. Pickard, an Infant. Clare A. Pickard, Appellant; Hermes L. Ames, General Guardian, Respondent.— Decree so far as appealed from reversed, without costs of this appeal to either party. Held, that the surrogate had no power to modify the decree. All concurred.

Adelbert D. Risley, Appellant, v. George H. Eiswald, Respondent, Impleaded with Charles H. Harlow and Others.— Judgment reversed and new trial ordered, with costs to appellant to abide event. Held, that the evidence presented a question of fact for the jury as to the defendant's fraud. All concurred, except Kruse and Robson, JJ., who dissented.

Julia O'Boyle, as Administratrix, etc., of Hugh O'Boyle, Deceased, Respondent, v. Lehigh Valley Railroad Company, Appellant.— Judgment and order affirmed, with costs. All concurred.

Morgan B. Garlock, as Receiver of the Holbrook Insole Company, Respondent, v. Fire Association of Philadelphia, Appellant.— Judgment and order reversed and new trial ordered, with costs to appellant to abide event, unless the plaintiff within twenty days stipulates to reduce the verdict to the sum of $1,620, with interest from November 7, 1901, in which event the judgment is modified accordingly, and as so modified is, together with the order, affirmed, without costs of this appeal to either party. All concurred.

George E. Millard, Respondent, v. John Marsellus Manufacturing Company, Limited, Appellant.— Judgment and order affirmed, with costs. All concurred, except McLennan, P. J., who dissented upon the ground that the evidence fails to show that the negligence of the defendant was the proximate cause of the injury.

John C. Munro, Respondent, v. William Fults, Appellant.— Judgment of County Court and final order of justice of the peace reversed, with costs in this court and the courts below to the appellant. Held, that the record shows that upon the return of the precept and again before the issuance of the warrant the defendant tendered the full amount of rent unpaid (including all costs and disbursements), which the petitioner refused to accept, and the proceedings should